1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7  JUDITH A. JOHNSON,

8          Plaintiff,                                   Case No. C07-5298 FDB

9      v.                                               ORDER OF EAJA FEES, COSTS AND
                                                        EXPENSES
10  MICHAEL J. ASTRUE, Commissioner of
    Social Security,

11          Defendant.

12

13          This matter comes before the Court on Plaintiff's motion pursuant to the Equal Access to

14  Justice Act, 28 U.S.C. §2412 (EAJA), for an award of attorney's fees in the amount of $22,700.63,

15  costs in the sum of $565.40, and expenses in the sum of $104.40.  The Commissioner has filed a

16  response requesting that the award of attorney's fees be reduced to account for unreasonable and

17  excessive hours.

18          The Ninth Circuit has established that the Equal Access to Justice Act (EAJA)  applies in

19  social security cases.  Wolverton v. Heckler, 726 F.2d 580 (9th Cir. 1984).

20          The EAJA provides in pertinent part:

21          Except as otherwise specifically provided by statute, a court shall award to a
            prevailing party other than the United States fees and other expenses ... incurred by
22          that party in any civil action ... brought by or against the United States in any court
            having jurisdiction over that action, unless the court finds that the position of the
23          United States was substantially justified or that special circumstances make an award
            unjust.
24

25

26  ORDER - 1

1    A party can be found to prevail when there is a "material alteration of the legal relationships

2  of the parties," and the material alteration is "judicially sanctioned."  Carbonell v. INS,  429 F.3rd

3  894, 898 (9th Cir. 2005).  A material alteration of the legal relationships of the parties occurs when

4  one of the parties is required to do something directly benefitting the other party that they would not

5  otherwise have had to do.  Id. at 900.  A party need not succeed on every claim in order to prevail.

6  Rather, a plaintiff prevails if he has succeeded on any significant issue in litigation which achieved

7  some of the benefit sought in bringing suit.  Id., nt. 5.  The government does not dispute that the

8  Plaintiff was the prevailing party.

9    The Supreme Court has defined the term "substantially justified" as "justified in substance or

10  in the main - that is, justified to a degree that could satisfy a reasonable person."  Pierce v

11  Underwood, 487 U.S. 552, 565 (1988).  To be substantially justified, the government must have "a

12  reasonable basis both in fact and in law." Id. at 568.  The Ninth Circuit has held that the government

13  must be substantially justified during both the underlying agency action and the litigation itself.  Al-

14  Harbi v. INS, 284 F.3d 1080, 1084-85 (9th Cir. 2002).  Thus, the government must meet this

15  threshold twice - once with regard to the underlying agency action, and then with regard to its

16  litigation position in the proceedings arising from that action.  See Kali v. Bowen, 854 F.2d 329, 332

17  (9th Cir. 1988).  The government has not taken a position on whether its position on this case was

18  substantially justified.  Thus, without government argument to the contrary, this Court finds that the

19  government's position was not substantially justified.

20    By Order of the Ninth Circuit Court of Appeals, this action was reversed and remanded to the

21  Social Security Administration for further administrative proceedings.  The Order is fully favorable

22  to Plaintiff and materially advances her position.  The Defendant's position was not substantially

23  justified as defined by the EAJA, and there are no special circumstances that would make an award

24  in this case unjust.

25    The party seeking fees must submit "an itemized statement ... stating the actual time

26  ORDER - 2

1   expended and the rate at which fees and other expenses were computed."  28 U.S.C. §

2   2412(d)(1)(B).  The appropriate number of hours includes all time "reasonably expended in pursuit

3   of the ultimate result achieved."  Hensley v. Eckerhart, 461 U.S. 424, 431 (1983).  However,

4   "excessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award.  Id.

5   at 434.  Although the fee applicant bears the burden of documenting the appropriate hours expended,

6   "the party opposing the fee application has a burden of rebuttal that requires submission of evidence

7   to the district court challenging the accuracy and reasonableness of the hours charged or the facts

8   asserted by the prevailing party in its submitted affidavits."  Gates v. Deukmejian, 987 F.2d 1392,

9   1397-98 (9th Cir. 1993).

10          Plaintiff filed the requisite affidavit documenting attorney's fees in the amount of $9,120.94

11   for 53.7 hours of work by her attorney before the district court and in the amount of $13,579.68 for

12   78.7 hours of work before the court of appeals.

13          The government contends that the number of hours in the district court is excessive given the

14   narrow issue before the district court.  Concerning the hours spent in the court of appeals, the

15   government contends that some of the briefing is identical to that presented to the district court and

16   thus, the claimed hours are excessive.  The government proposes that the hours requested for the

17   district court should be  reduced to 40 hours and the court of appeal hours be reduced to 60 hours.

18   At the 2008 statutory maximum hourly rates under EAJA of $172.85, this amounts to total EAJA

19   fees of $17,285.00, reduced from the requested $22,700.63.

20          This contention lacks merit. The attorney affidavit sets forth an itemized accounting for the

21   district court and appellate work product.  Other than indicating that social security cases are

22   routinely litigated in forty hours or less and the instant litigation was primarily confined to one issue

23   and that there appeared to be some duplication of district court content in the appellate briefs, the

24   government provides no explanation for the request for reduction of 13.7 hours in the district court

25   and 18.7 in the appellate court.  Arbitrarily limiting compensation to no more than forty hours in the

26   ORDER - 3

1  district court and no more than sixty hours in the appellate court is unwarranted. The court must

2  review the submitted work log to determine the reasonableness of hours requested in each case.  See

3  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  There is no hard-and-fast cap on attorney fee

4  awards at forty hours that should be applied regardless of the circumstances.  Social security cases

5  are fact-intensive and require a careful application of the law to the testimony and documentary

6  evidence, which must be reviewed and discussed in considerable detail.  Patterson v. Apfel, 99

7  F.Supp.2d 1212, 1213 (C.D. Cal. 2000).

8      Further, the mere fact that there is a duplication of material in the appellate briefing does not

9  imply that the hours expended on appellate work are also duplicative.  The government's evidence is

10  insufficient to warrant a reduction in hours to reflect 32.4 hours of excessive and duplicative work

11  product.

12      Analysis of the time records submitted in support of Plaintiff's fee petition establishes that

13  the time her counsel expended in litigation was reasonable.  The record reflects that this case was

14  vigorously contested by the government. The time billed for preparation of the case and briefing in

15  the district and appellate courts was neither excessive nor unreasonable.  The Court finds Plaintiff is

16  entitled to compensation for all hours expended by her attorney in the course of this litigation.

17      ACCORDINGLY;

18      IT IS ORDERED:

19      Plaintiff's Motion for Attorney's Fees, Costs, and Expenses [Dkt. # 30] is **GRANTED**.

20      Plaintiff's attorney Eitan Kassel Yanich is hereby awarded EAJA fees of $22,700.63, costs

21      in the sum of $565.40, and expenses in the sum of $104.40.

22      DATED this 15th day of March, 2010.

23      _____

24      FRANKLIN D. BURGESS
        UNITED STATES DISTRICT JUDGE

25

26  ORDER - 4